Gregory R. Kaighn, SBN 124049
1390 Broadway, Suite B-345
Placerville, CA 95667
telephone: (530) 363-6987

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Janis Kaighn and Gregory R. Kaighn, individually and as co-trustees<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Donald John Trump, Melania Trump, Donald Trump, Jr., Eric Trump, Maryann Trump-Barry, Charles H. Bell, Terry Martin, Bell McAndrews & Hiltachk, Republican National Committee, Reince Priebus<br><br>　　　　Defendants. | Case No.<br><br>Related Case:16-CV-02117-KJM-CKD<br>Related Case:16-CV-02227-KJM-CKD<br><br>Verified Complaint For Damages, Declaratory Judgement, Preliminary and Permanent Injunctions<br><br>Jury Trial Demanded<br><br>1. Conspiracy To Violate Civil Rights<br>2. Racketeering Influenced Corrupt Organizations Act<br>3. International Terrorism<br>4. Violation of Communist Control Act<br><br>**THE POLITICAL KIDNAPPING OF GARRETT RICHARD KAIGHN** |

## I. INTRODUCTION

1. THIS IS THE SEVENTH RELATED CASE IN THE SERIES ARISING OUT OF THE ILLUMINATI DICTATORSHIP AS DESCRIBED IN THE MAIN

1

CASE, CIVIL ACTION 16-CV-02117. 16-CV-02227 seeks a determination that DONALD JOHN TRUMP is ineligible to ever be President of the United States.  Mr. Trump's lawyers are defendants CHARLES BELL, TERRY MARTIN and BELL, MCANDREWS & HITALCHK.

2. There is uncontrovertbile evidence that GARRETT RICHARD KAIGHN, plaintiffs son has been kidnaped by the entire group of defendants in all of these seven related cases. CHARLES BELL, general counsel for the California Republican Party and attorney of record for DONALD JOHN TRUMP refuses to discuss or acknowledge the kidnapping of our son at all. Therefore this lawsuit is necessary to identify some of co conspirators in the kidnapping of Garrett Richard Kaighn as well as for ALL of the conduct set forth in all SEVEN related cases.

## II.  JURISDICTION

3. 28 U.S.C.§2201, "The Declaratory Judgements Act" grants jurisdiction to the District Court in cases in which an actual controversy exists, to declare the rights and other legal relationships of any interested party whether or not further relief is or could be sought.

4. 28 U.S.C. § 2202 grants jurisdiction to provide any "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

5. 28 U.S.C. § 1331 grants jurisdiction to the District Court in all cases arising under the Constitution, laws, or treaties of the United States.

6. 28 U.S.C. § 1343 grants jurisdiction to the District Court in actions to recover damages for injury to person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42.

7. 28 U.S.C.§ 1367 grants jurisdiction to the District Court supplemental

2

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

### III.  VENUE

8.  Venue is appropriate in this judicial district.  28 U.S.C.§ 1391 provides that civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

### IV.  THE PARTIES

9. Plaintiff Janis Kaighn is an individual and a resident of this judicial district. She sues herein in her own individual capacity and as co trustee on behalf of the American people who hold the underlying sovereignty in the American democracy

10. Plaintiff Gregory R. Kaighn is an individual and a resident of this judicial district. He sues herein in her own individual capacity and as co trustee on behalf of the American people who hold the underlying sovereignty in the American democracy

11. Defendant DONALD JOHN TRUMP is an individual running for President of the United States and qualified for the California ballot.   THEREFORE, ALL DEFENDANTS IN THIS CASE ARE SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA.  At all times relevant said defendant has participated and directed the kidnapping of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

12.  Defendant MELANIA TRUMP is an individual who is participating in and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

13.  Defendant DONALD TRUMP, JR. is an individual who is participating in

and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

14.  Defendant ERIC TRUMP,  is an individual who is participating in and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

15.  Defendant CHARLES H. BELL, JR. is an individual who is participating in and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.  This defendant is also the General Counsel for the California Republican Party.

16.  Defendant TERRY MARTIN,  is an individual who is participating in and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

17.  Defendant BELL, MC ANDREWS & HILTACHK is a California law firm that is participating in and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

18.  Defendant REPUBLICAN NATIONAL COMMITTEE is a politcal organization that is participating in and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

19.  Defendant REINCE PRIEBUS is an individual and is the the chairman of the REPUBLICAN NATIONAL COMMITTEE.  Said defendant is participating in

and providing material aid and support to the kidnappers of GARRETT RICHARD KAIGHN.  Said defendant is also providing AID AND COMFORT TO THE ENEMIES OF THE PEOPLE OF THE UNITED STATES.

## VII. FIRST CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
## 42 U.S.C. §§ 1983, 1985(3)

As a first claim for relief plaintiffs allege against defendants and each of them as follows:

20.  Plaintiffs hereby incorporate by reference each and every allegation set forth above.

21.  The Civil Rights Act, 42 U.S.C. § 1983 states as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

22.  42 U.S.C. § 1985 imposes civil liability for a conspiracy to deny civil rights.  With respect to the obstruction of justice, the first clause of 42 U.S.C. § 1985(2) states as follows:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror;

23.  The second clause of 42 U.S.C. § 1985(2) also applies.  The law states as follows:

5

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

This statute certainly applies based on the allegations set forth above.  The defendants conduct is specifically intended to deny plaintiffs all of their civil and constitutional rights.

24. 42 U.S.C. § 1985(3) imposes civil liability for a civil rights conspiracy based on deprivation of personal rights and privileges.  The first clause states in pertinent part as follows:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;

The applicability of this statute cannot be disputed.  A primary object of this conspiracy is to permanently overthrow the American government.

25. The second clause of 42 U.S.C. §1985(3) also applies:

> or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy;

There is no dispute over these facts.  One of the objects of this conspiracy is to prevent plaintiffs from publicly advocating with respect to any presidential election ever.

26. The third clause of 42 U.S.C. §1985(3) reflects the commonly understood legal maxim about conspiracies.  "In for a dime, in for a dollar" is the expression.

6

Conspiracy participants are fully liable for all of the actions of the conspiracy. The statute states as follows:

> in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

WHEREFORE, Plaintiffs pray judgement as set forth below.

## VII. SECOND CLAIM FOR RELIEF

## RACKETEERING INFLUENCED CORRUPT ORGANIZATIONS ACT

## 18 U.S.C. § 1961 et. seq.

As for a separate and district second claim for relief, plaintiffs allege against defendants and each of them as follows:

27. Plaintiffs hereby incorporate by reference each and every allegation set forth above.

28. 18 U.S.C.§ 1962(a) provides in pertinent part as follows:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity. . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

29. 18 U.S.C. §1962(b) states as follows:

It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

30. 18 U.S.C. § 1962(c) provides as follows:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct

7

of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

31. 18 U.S.C. § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

32. 18 U.S.C. § 1964(c) provides a private right of action as follows:

Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

33. 18 U.S.C. § 1961 contains the following definitions:

(3) "person" includes any individual or entity capable of holding a legal or beneficial interest in property;

(4) "enterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity;

(5) "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

34. Racketeering activity is defined in a lengthy list of specified conduct set forth in 18 U.S.C. §1961(1). In pertinent part, the statute states as follows:

(1) "racketeering activity" means

(A) any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter . . . . which is chargeable under State law and punishable by imprisonment for more than one year;

(B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), . . . sections 891–894 (relating to extortionate credit transactions), section 1028 (relating to fraud and related activity in connection with identification documents) . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud) . . . section 1503 (relating to obstruction of justice), section 1510 (relating to obstruction of criminal investigations), section 1511 (relating to the obstruction of State or local law enforcement), section 1512

(relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant) . . . section 1951 (relating to interference with commerce, robbery, or extortion), section 1952 (relating to racketeering), . . . .section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), . . . sections 229–229F (relating to chemical weapons), section 831 (relating to nuclear materials)

E) any act which is indictable under the Currency and Foreign Transactions Reporting Act,

(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or

(G) any act that is indictable under any provision listed in section 2332b(g)(5)(B);

35. Each and every one of these defendants has engaged in many more than the minimum "two or more such predicate acts" within a ten year window of a prior qualifying 'predicate act.' This has been an on going long term conspiracy involving a countless number of individual acts.

36. At all times relevant the acts alleged herein were part of a 'continuing pattern of racketeering activity' and the individual acts were conducted as part of the affairs of the enterprise.

37. There are multiple overlapping conspiracies in this case. The RICO Act was written for exactly this sort of organized crime. This conspiracy is 2000 years old in many respects. The Roman Empire and the Roman Catholic Church engineered this conspiracy centuries ago in order to restore the ancient Roman Empire. The Constitution of the Jesuits was written in 1560. The Illuminati and New World Order

conspiracies go at least back to 1776.  The Vatican I conspiracy including all three world wars goes back to 1870.  The Vatican II conspiracy starts in 1959.  The assassination of President John F. Kennedy was a 1963 conspiracy.  The September 11, 2001 terrorist attacks were a conspiracy within other larger conspiracies.  Each and every one of these conspiracies are "one and the same" with the same goals, objectives, facts, and participants.

38. There are multiple overlapping racketeering enterprises and each of the defendants named herein was acting for the benefit of all enterprises.  Each and every such 'enterprise' has two components.  Each is an association-in-fact enterprise that overlaps with other association-in-fact enterprises.  In addition, the defendant corporations are also separate and distinct racketeering enterprises subject to liability.  Each of these corporations have become criminal enterprises.

39. Each and every defendant has conspired to wage war on the American people and war on the plaintiffs.  All of these corporations use the New World Order as a core business model.  These corporations rely on a "rigged boom and bust" business cycle that is falsely created and manipulated by defendants.  Wall Street insiders are just like the "house" in Las Vegas.  Inside job terrorist attacks and inside job wars are a known part of the long term business plans of these defendants.  All of the assets of defendants are the "ill gotten gains" and proceeds of long term continuous criminal activity intended to destroy the American government over a period of decades.  Plaintiffs and the American people are entitled to permanent injunctions banning these corporations and civil forfeiture orders for all assets of these corporations.

40. In doing the acts herein complained of, the persons, enterprise(s) and those acting on behalf of the enterprise(s) traveled and engaged in interstate or foreign commerce, used the instrumentalities of interstate or foreign commerce, and engaged in activities that affected interstate or foreign commerce and did so in furtherance of the goals of all parts of these conspiracies.

41. As a direct and proximate result of the conduct alleged herein, plaintiffs have suffered damages to their business and their property.

42. As a direct and proximate cause of the acts alleged herein, Plaintiffs have suffered general damages for emotional distress, pain and suffering, personal injury, as well as consequential damages arising out of said conduct.

43. The conduct of defendants and each of them was malicious, fraudulent, oppressive, despicable and beyond any boundaries that are acceptable in a civilized society. Plaintiffs are entitled to an award of exemplary or punitive damages.

44. As a result of the conduct alleged herein, plaintiffs are entitled to recover attorneys fees, interest, and costs of suit.

WHEREFORE, Plaintiffs pray judgement as set forth below.

## VIII. THIRD CLAIM FOR RELIEF
## INTERNATIONAL TERRORISM
## 18 U.S.C.§§ 2332(b), 2332(I), 2333

As for a separate and district third claim for relief, plaintiffs allege against defendants and each of them as follows:

45. Plaintiffs hereby incorporate by reference each and every allegation set forth above.

46. 18 U.S.C. § 2333 provides a civil remedy as follows:

Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

47. 18 U.S.C. § 2331(1) defines "International Terrorism" as follows:

(1) the term "international terrorism" means activities that

(A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the

United States or of any State;

(B) appear to be intended—
(i) to intimidate or coerce a civilian population;
(ii) to influence the policy of a government by intimidation or coercion; or
(iii) to affect the conduct of a government by mass destruction, assassination, or kidnaping; and

(C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum;

48. 18 U.S.C. § 2332a defines a weapon of mass destruction as follows:

(2) the term "weapon of mass destruction" means—

(A) any destructive device as defined in section 921 of this title;

(B) any weapon that is designed or intended to cause death or serious bodily injury through the release, dissemination, or impact of toxic or poisonous chemicals, or their precursors;

(C) any weapon involving a biological agent, toxin, or vector (as those terms are defined in section 178 of this title); or

(D) any weapon that is designed to release radiation or radioactivity at a level dangerous to human life;

49. 18 U.S.C. § 2332b defines prohibited conduct as follows:

(1)Offenses.—Whoever, involving conduct transcending national boundaries and in a circumstance described in subsection (b)—

(A) kills, kidnaps, maims, commits an assault resulting in serious bodily injury, or assaults with a dangerous weapon any person within the United States; or

(B) creates a substantial risk of serious bodily injury to any other person by destroying or damaging any structure, conveyance, or other real or personal property within the United States or by attempting or conspiring to destroy or damage any structure, conveyance, or other real or personal property within the United States; in violation of the laws of any State, or the United States, shall be punished as prescribed in subsection (c).

(2)Treatment of threats, attempts and conspiracies.—
Whoever threatens to commit an offense under paragraph (1), or attempts or conspires to do so, shall be punished under subsection (c).

50. The jurisdictional requirements of 18 U.S.C. §2332b have been satisfied in that,

(A) the mail or any facility of interstate or foreign commerce has been used in furtherance of the offense;

(B) the offense obstructs, delays, or affects interstate or foreign commerce, or would have so obstructed, delayed, or affected interstate or foreign commerce if the offense had been consummated;

(C) the victim, or intended victim, is the United States Government, a member of the uniformed services, or any official, officer, employee, or agent of the legislative, executive, or judicial branches, or of any department or agency, of the United States;

51. With respect to nuclear terrorism, 18 U.S.C. 2332i provides as follows:

Whoever knowingly and unlawfully—

(A) possesses radioactive material or makes or possesses a device—
(i) with the intent to cause death or serious bodily injury; or
(ii) with the intent to cause substantial damage to property or the environment; or

(B) uses in any way radioactive material or a device, or uses or damages or interferes with the operation of a nuclear facility in a manner that causes the release of or increases the risk of the release of radioactive material, or causes radioactive contamination or exposure to radiation—
(i) with the intent to cause death or serious bodily injury or with the knowledge that such act is likely to cause death or serious bodily injury;
(ii) with the intent to cause substantial damage to property or the environment or with the knowledge that such act is likely to cause substantial damage to property or the environment; or
(iii) with the intent to compel a person, an international organization or a country to do or refrain from doing an act,
shall be punished as prescribed in subsection (c).

(2)Threats.—
Whoever, under circumstances in which the threat may reasonably be believed, threatens to commit an offense under paragraph (1) shall be punished as prescribed in subsection(c). Whoever demands possession of or access to radioactive material, a device or a nuclear facility by threat or by use of force shall be punished as prescribed in subsection (c).

(3)Attempts and conspiracies.—
Whoever attempts to commit an offense under paragraph (1) or conspires to commit an offense under paragraph (1) or (2) shall be punished as

13

prescribed in subsection(c).

52. The jurisdictional requirement for nuclear terrorism is satisfied if "(1) the prohibited conduct takes place in the United States or the special aircraft jurisdiction of the United States." These psycho terrorists used a nuclear weapon in lower Manhattan on 9/11.

53. Defendants and each of them have knowingly participated in an international global terrorist conspiracy involving a foreign sovereign (The Holy See) and nuclear devices. Defendants have engaged in acts of international terrorism for the purpose of subverting the duly elected government of the United States and for the concurrent purpose of harming plaintiffs. Defendants have similarly engaged in many acts of violence directed at plaintiffs as alleged herein. Defendants actions are dangerous to human life and violate the criminal laws of the United States and the States of California and Arizona. Defendants have committed heinous terrorist attacks, engaged in systematic genocide, started international wars, and committed many other crimes against humanity and the people of the United States.

54. Defendants conduct is intended to intimidate or coerce the civilian population in America and the civilian populations abroad. Defendants conduct is further intended to control the duly elected government and to force it to act in the way defendants choose by intimidation or coercion. Defendants have also engaged in acts of mass destruction, assassination, and kidnaping in order to effect the conduct of government.

55. This is a global conspiracy. Defendants conduct transcends national boundaries and creates a substantial risk of serious bodily injury to other persons, including plaintiffs or property within the United States.

56. Defendants conduct has included the use of the mail or any facility of interstate or foreign commerce is used in furtherance of the offense; the offense

obstructs, delays, or affects interstate or foreign commerce, or would have so obstructed, delayed, or affected interstate or foreign commerce if the offense had been consummated.

57. Defendants conduct includes the possession of radioactive material or possession of a device with the intent to cause death or serious bodily injury; or with the intent to cause substantial damage to property or the environment.

58. Defendants used, and have threatened to use again, a radioactive material or a device, with the intent to cause death or serious bodily injury or with the knowledge that such act is likely to cause death or serious bodily injury; with the intent to cause substantial damage to property or the environment and with the knowledge that such act is likely to cause substantial damage to property or the environment; and with the intent to compel a person, an international organization or a country to do or refrain from doing an act.

59. As a direct and proximate cause of the acts alleged herein, Plaintiffs have suffered general damages for emotional distress, pain and suffering, personal injury, as well as economic and consequential damages arising out of this conduct. Plaintiffs are also entitled to treble damages.

60. The conduct of defendants and each of them was malicious, fraudulent, oppressive, despicable and beyond any boundaries that are acceptable in a civilized society. Plaintiffs are entitled to an award of exemplary or punitive damages.

WHEREFORE, Plaintiffs pray judgement as set for the below.

## IX. FOURTH CLAIM FOR RELIEF
## VIOLATION OF COMMUNIST CONTROL ACT
## (50 U.S.C. § 841-844)

As for a separate and district fourth claim for relief plaintiffs allege against defendants and each of them as follows:

61. Plaintiffs hereby incorporate each and every allegation set forth above.

62. The Communist Control Act of 1954, 50 U.S.C §841-844 was enacted by Congress to stop this insidious dictatorship. Communism is a fiction created by the Illuminati. Communist means Illuminati and is synonymous with Illuminati. Communism means totalitarian dictatorship. The Communist Control Act does not allow for "creative labeling" or "re-branding." The  A communist that goes by another name is still a communist. 50 U.S.C.§ 841 states:

> The Congress finds and declares that the Communist Party of the United States, although purportedly a political party, is in fact an instrumentality of a conspiracy to overthrow the Government of the United States.
>
> It constitutes an authoritarian dictatorship within a republic, demanding for itself the rights and privileges accorded to political parties, but denying to all others the liberties guaranteed by the Constitution.
>
> Unlike political parties, which evolve their policies and programs through public means, by the reconciliation of a wide variety of individual views, and submit those policies and programs to the electorate at large for approval or disapproval, the policies and programs of the Communist Party are secretly prescribed for it by the foreign leaders of the world Communist movement.
>
> Its members have no part in determining its goals, and are not permitted to voice dissent to party objectives. Unlike members of political parties, members of the Communist Party are recruited for indoctrination with respect to its objectives and methods, and are organized, instructed, and disciplined to carry into action slavishly the assignments given them by their hierarchical chieftains.
>
> Unlike political parties, the Communist Party acknowledges no constitutional or statutory limitations upon its conduct or upon that of its members. The Communist Party is relatively small numerically, and gives scant indication of capacity ever to attain its ends by lawful political means The peril inherent in its operation arises not from its numbers, but from its failure to acknowledge any limitation as to the nature of its activities, and its dedication to the proposition that the present constitutional Government of the United States ultimately must be brought to ruin by any available means, including resort to force and violence.
>
> Holding that doctrine, its role as the agency of a hostile foreign power renders its existence a clear present and continuing danger to the security of the United States. It is the means whereby individuals are seduced into the service of the world Communist movement, trained to do its bidding,

and directed and controlled in the conspiratorial performance of their revolutionary services. Therefore, the Communist Party should be outlawed.

63. The Communist Party and its members that support the overthrow over of government are not entitled to any privileges and immunities of nature whatsoever in the United States. Any existing privileges and immunities are stripped. 50 U.S.C.§ 842 states in pertinent part:

> The Communist Party of the United States, or any successors of such party regardless of the assumed name, whose object or purpose is to overthrow the Government of the United States. . . .are not entitled to any of the rights, privileges, and immunities attendant upon legal bodies created under the jurisdiction of the laws of the United States or any political subdivision thereof; and whatever rights, privileges, and immunities which have heretofore been granted to said party or any subsidiary organization by reason of the laws of the United States or any political subdivision thereof, are terminated.

64. As a result of defendants conduct, defendants and each of them are no longer entitled to any of the rights, privileges and immunities created under the laws of the United States. Plaintiffs seek declarations of judgement and/or entry of judgement as to each and every defendant.

WHEREFORE Plaintiffs pray judgement as follows:

## PRAYER FOR RELIEF

1. For general, special, consequential, and punitive damages all according to proof.

2. For the trebling of all damages.

3. For Declarations of Judgement or other judgement pursuant to Communist Control Act of 1954.

4. For preliminary and permanent injunctions barring defendants from engaging in any such similar future conduct, including without limitation injunctions that bar any future business by any defendant.

4. For civil forfeiture of all assets of each defendant.

5. For such other and further relief as the Court may deem just and proper.

6. For attorneys fees, interest, and costs of suit according to proof.

Dated: October 20, 2016

By _____

Gregory R. Kaighn
Attorney for Plaintiffs

## VERIFICATION

We are the plaintiffs in this action. We have reviewed the Verified Complaint and we hereby swear and affirm under penalty of perjury under the laws of the United States that the contents are true and correct to the best of our knowledge.

Dated: October 20, 2016.

By _____

Gregory R. Kaighn
Janis Kaighn

18